UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALE LIMOGES,

       Plaintiff,

v.                                     Case No:  6:15-cv-616-Orl-40TBS

US DEPARTMENT OF HOMELAND
SECURITY and SOCIAL SECURITY
ADMINISTRATION,

       Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court are Defendants' motion to dismiss (Doc 15) and Plaintiff's response to the motion (Doc. 17).   Upon due consideration, I respectfully recommend that the motion be **granted** and that Plaintiff be given fourteen days to file an amended complaint.

## I. Background

This case was filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80 (Doc. 17 at 1).   Plaintiff, Dale Limoges, sues Defendants, the U.S. Social Security Administration ("SSA"), and the U.S. Department of Homeland Security ("HS"), based upon an incident that occurred May 6, 2013, at the SSA office located at 5520 Gatlin Avenue, Suite 101, Orlando, Florida (Doc. 1, ¶¶ 3, 5-6).   He avers that he is a resident of Orlando, Orange County, Florida; the SSA is a governmental and political agency that has a field office in Orlando; and HS is a political subdivision and governmental agency (Id., ¶¶ 2-4).   Plaintiff complains that while visiting the SSA field office as a guest, to inquire about his Social Security benefits, he was struck in the face

by a security guard employed by HS.   (Id., ¶¶ 5-9).   Count I of Plaintiff's complaint alleges that SSA was negligent in failing to maintain or adequately maintain a safe environment for members of the visiting public and by allowing the security guard to assault and batter Plaintiff (Id.).   Count II makes the same allegations against HS (Id., ¶¶ 10-14).   Plaintiff suffered bodily injuries as a result of being assaulted and battered by the security guard (Id., ¶¶ 9, 14).

Defendants seek dismissal of the complaint pursuant to FED. R. CIV. P. 12(b)(1) based upon sovereign immunity (Doc. 15 at 3-6).   Plaintiff acknowledges that if this is an action on an intentional tort then the Court may not have jurisdiction (Doc. 17 at 2-3). But he posits, until discovery is allowed to take place, it is unknown whether the security guard's actions were intentional or if he was merely following protocol (Id. at 3). Because the jurisdictional basis of Plaintiff's claim is intertwined with the merits of his case, he argues that Defendants' jurisdictional attack is premature, and discovery should occur before the Court decides whether it has jurisdiction (Doc. 17 at 2).   Plaintiff cites Eaton v. Dorchester Development, Inc., 692 F.2d 727, 731 (11th Cir. 1982) (citations omitted) and Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990), to support his position that he is entitled to obtain material through discovery before a claim may be dismissed for lack of jurisdiction.

Defendants also seek dismissal pursuant to FED. R. CIV. P. 12(b)(6) on the ground that the complaint fails to state a cause of action (Id. at 6-8).   Plaintiff counters that he has adequately pled the elements of a cause of action for negligence.   Specifically, he argues that the duty of the SSA arises because the incident occurred on its premises (Doc. 17 at 5).   As for HS, he argues that based on the information known, it was providing security at the premises and when one undertakes to provide a service to

another, the party who undertakes to provide the service assumes a duty to act carefully and not put others at risk or undue harm (Id.).   Plaintiff maintains that more facts will come to light once the parties are able to engage in discovery (Id.).

## II. Legal Standards

Federal district courts are courts of limited jurisdiction, and without jurisdiction, a court cannot proceed at all in a case.   See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).   A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case.   Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).   The court's jurisdiction is properly challenged by a Rule 12(b)(1) motion.

Motions to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1) take the form of facial or factual attacks on jurisdiction.   Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).   A facial challenge requires "the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion."   Lawrence v. Dunbar, 919 F.2d at 1529 (citations omitted).   A factual challenge disputes the existence of subject matter jurisdiction in fact, and the court considers matters outside the complaint, including testimony and affidavits.   See id.

Defendants also seek dismissal under Rule 12(b)(6).   The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the plaintiff's complaint.   La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).   In order to state a claim for

relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction...; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought."   FED. R. CIV. P. 8(a).   Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do.   Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007).   To survive dismissal under Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011).   But, legal conclusions devoid of any factual support are not entitled to an assumption of truth.   Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

### III. Discussion

"The FTCA was enacted to provide redress to injured individuals for ordinary torts recognized by state law but committed by federal employees."   Zelaya v. United States, 781 F.3d 1315, 1323 (11th Cir. 2015) (citing Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)); see 28 U.S.C. § 1356(b)(1).[1]   Section 2679 makes the FTCA's

---

[1]   Section 1346(b)(1) provides: "[s]ubject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

remedy against the United States exclusive for torts committed by federal employees acting within the scope of their employment.  See 28 U.S.C. § 2679(b)(1).[2]  Plaintiff has improperly named SSA and HS as Defendants.  The correct defendant is the United States of America.  See 28 U.S.C. § 2679(a).

In order to sue the United States pursuant to the FTCA, a plaintiff must first meet two statutory requirements to establish jurisdiction.  Zelaya v. United States, 781 F.3d 1315, 1322 (11th Cir. 2015) (citing Clark v. United States, 326 F.3d 911, 912 (7th Cir.2003)).  "First, as with all suitors in federal courts, the plaintiff must identify an explicit statutory grant of subject matter jurisdiction …"  Zelaya, 781 F.3d at 1322.  Second, the plaintiff must identify the statute that waives sovereign immunity.  Id.  Plaintiff's complaint does neither.  I recommend that the complaint be dismissed with leave to cure these procedural deficiencies.

The complaint states that "while Plaintiff was visiting the local social security field office, he was assaulted and battered by a U.S. Department of Homeland Security officer."  (Doc. 1, ¶13).  Plaintiff alleges that both SSA and HS were negligent in allowing the security officer to commit the assault and battery on him (Id., ¶¶ 7, 12).  Although the complaint is couched in terms of negligence, if Plaintiff had not been assaulted and battered he would have no claim.

---

within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346.

[2] "The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."  28 U.S.C. § 2679(b)(1).

Defendants contend that Plaintiff's claims of assault and battery are barred by the doctrine of sovereign immunity.   "Sovereign immunity is jurisdictional in nature."   <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994); <u>see</u> <u>also</u> <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).   "Under settled principles of sovereign immunity, 'the United States is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"   <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)); <u>see also</u> <u>Zelaya v. United States</u>, 781 F.3d 1315, 1321 (11th Cir. 2015) (the United States, as a sovereign entity, is immune from suit unless it consents to be sued.)   "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."   <u>Meyer</u>, 510 U.S. at 475.

Through enactment of the FTCA, the federal government waived its immunity from suit based on state law tort claims.   <u>Millbrook v. United States</u>, __ U.S. __, 133 S.Ct. 1441, 1443 (2013).   "The [FTCA] gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or mission' of a federal employee 'acting within the scope of his office or employment.'"   <u>Id.</u> (quoting 28 U.S.C. § 1346(b)(1)).   The FTCA "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"   <u>United States v. Olson</u>, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)).

There are exceptions to the federal government's waiver of immunity.   <u>See</u> 28 U.S.C. § 2680(a) and § 2680(h).   For instance, the FTCA generally prohibits claims of assault and battery against the government.   § 2680(h).   But an exception is made "with

regard to acts or omissions of investigative or law enforcement officers of the United States Government, ... any claim arising ... out of assault, [or] battery is permitted." Id.   As used in the statute, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."   Id.   The complaint identifies Plaintiff's assailant as an HS employee, as a "security guard," and as an "officer," see (Doc. 1, ¶7(b), 13).   These allegations are insufficient to establish whether the assailant was an "investigative or law enforcement officer," as defined by 28 U.S.C. § 2680(h). Accordingly, I recommend that the complaint be dismissed without prejudice, with leave to amend.

While the complaint is due to de dismissed on jurisdictional grounds, for completeness, I will address Defendants' alternative argument.   Defendants seek dismissal under Rule 12(b)(6) on the ground that Plaintiff failed to allege the requisite standard of care or how Defendants deviated from the standard of care (Doc. 15 at 8). They argue that Plaintiff's allegations are conclusory so as to be insufficient under the pleading standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages."   Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Paterson v. Deeb, 472 So. 2d 1210, 1214 (Fla. Dist. Ct. App.1985)).   The complaint alleges that SSA had possession and control of the field office where Plaintiff was assaulted and battered.   Plaintiff also avers that he was a guest at the field office and therefore, Defendants owed him a duty to exercise reasonable care and safety (Id., ¶¶ 6, 11).   In Florida, "a property owner owes two duties

to an invitee, [ (1) ] to use reasonable care in maintaining the premises in a reasonably safe condition and [ (2) ] to give the invitee warning of concealed perils which are or should be known to the property owner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care."  Collins v. Marriott Int'l, Inc., 749 F.3d 951, 957 (11th Cir. 2014) (citing Fieldhouse v. Tam Inv. Co., 959 So. 2d 1214, 1215 (Fla. Dist. Ct. App. 2007) (quoting Fenster v. Publix Supermarkets, Inc., 785 So. 2d 737, 739 (Fla. Dist. Ct. App. DCA 2001)).

Plaintiff alleges that SSA had possession and control of the field office when he was assaulted and battered.   This is sufficient to establish a duty on behalf of SSA. Plaintiff has sufficiently alleged a breach of the duty by failing to maintain a safe environment and permitting Plaintiff to be assaulted and battered.   Therefore, I recommend the Court deny Defendants' motion to dismiss Count I of the complaint for failure to state a cause of action.

The complaint makes no allegations of ownership, possession or control of the premises by HS, and is otherwise devoid of factual detail establishing a duty owed by HS to Plaintiff.   Accordingly, I recommend the court grant Defendants' motion to dismiss Count II for failure to state a cause of action.

## IV. Recommendation

For these reasons, I respectfully recommend that the motion to dismiss (Doc. 17) be **granted without prejudice** and that Plaintiff be given fourteen days to file an amended complaint.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

     **RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 2, 2015.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

     Presiding United States District Judge
     Counsel of Record